THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID DONTAE HALL,

                    Petitioner,

      v.

PATRICK GLEBE,

               Respondent.

CASE NO. C12-1277-JCC

ORDER DENYING PETITION

       This matter comes before the Court on Petitioner's objections to the report and recommendation (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby rejects the objections and DISMISSES the petition for the reasons explained herein.

## I.  BACKGROUND

       After a jury trial, Petitioner David Dontae Hall was convicted of four counts of first-degree robbery, one count of first-degree attempted robbery, and one count of second-degree assault. (Dkt. No. 21 (State Court Record ("SCR")), Ex. 1.) He was sentenced to 384 months imprisonment. (*Id.*) Hall's sentence included mandatory enhancements for his use of a gun during each robbery. (*Id.*)

       The Washington State Court of Appeals summarized the relevant factual history of Hall's case as follows:

1
2
3
4
5
6
7
8
9
10
11
12

   Hall and his codefendant Thaddeus Lewis were charged with multiple counts of robbery arising out of five armed robberies of convenience stores in August 2004.  In the first four incidents, Hall displayed a firearm, demanded money, and collected cash from store personnel while Lewis acted as lookout.  Lewis was not charged in relation to the fifth incident, during which Hall, acting alone, actually fired his handgun, striking the wall near a shopkeeper's head.

   Upon Lewis's arrest, he told police Hall had recruited him to assist with the robberies.  He said Hall told him that if they were captured he should claim he was high on PCP and seeing demons to create an insanity defense.  Lewis led police to the weapon Hall carried during the robberies.  Lewis eventually agreed to testify for the State against Hall in exchange for a plea bargain . . . .

   Lewis's trial testimony was corroborated by surveillance tapes of some of the robberies and the testimony of some of the victims.  Hall testified in his defense that he committed the robberies under the influence of narcotics, some of which he had taken voluntarily and some of which he believed Lewis gave him.  He maintained that Lewis had directed all of his actions, that he was hearing voices in his head during the robberies, and that his memory of events was largely blacked out.  Dr. Murray Hart from Western State hospital testified for the State that intoxication even to the point of memory loss does not necessarily mean a person is unable to form a specific intent to commit an act while intoxicated.  Hall was convicted.

13 *State v. Hall*, 2006 WL 3583658 at *1 (Wash. Ct. App. Dec. 11, 2006); (SCR, Ex. 9.).

14    Hall, assisted by counsel, filed a direct appeal the Washington Court of Appeals. (SCR,

15 Ex. 3.) He filed *pro se* a statement of additional grounds for review. (SCR, Ex. 4.) The Court of

16 Appeals vacated Hall's assault conviction, finding that it merged with one of his first-degree

17 robbery convictions, but otherwise affirmed the verdict and sentence. *Hall*, 2006 WL 3583658,

18 at *1. That decision had no effect on the length of Hall's sentence. (SCR, Exs. 2, 9.)

19    Hall filed *pro se* a petition for review in the Washington State Supreme Court (SCR, Ex.

20 10), which was denied in a one-sentence order (SCR, Ex. 12). Hall filed two post-conviction

21 personal restraint petitions (PRP). The first PRP was dismissed on the merits by the state court of

22 appeals and Hall did not seek discretionary review. (Dkt. No. 26 at 3.) Hall's second PRP was

23 denied on the merits by the state court of appeals (SCR, Ex. 16) and the state supreme court

24 (SCR, Ex. 23).

25    Hall then filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt.

26 No. 9). The Honorable Brian A. Tsuchida, United States Magistrate Judge, prepared a report and

recommendation ("R&R") that recommends denying Hall's petition and denying issuance of a certificate of appealability. (Dkt. No. 26.)

## II. DISCUSSION

### A. Standards of Review

A district court reviews *de novo* those portions of an R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Hall has objected to every conclusion in the R&R. (*See* Dkt. No. 32.)

A federal court may not grant a state prisoner's habeas petition on the basis of any claim that the petitioner failed to exhaust in the state courts. 28 U.S.C. § 2254(b)(1)(A). A federal court may not grant a state prisoner's petition on the basis of any claim that was adjudicated on the merits by the state courts, unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### B. Exhaustion

The R&R concludes that Hall exhausted all of the grounds for relief raised in his petition, except grounds 2(b) and 4. The R&R concludes that grounds 2(b) and 4 were not fairly presented to the state courts and are procedurally defaulted. (Dkt. No. 26 at 7–10.)

The Court agrees with Hall that claim 2(b) was exhausted before the state courts. Hall's Motion for Discretionary Review of the denial of his PRP in the Washington Supreme Court argued that the trial court ruled that the State could say that it "may" but not that it "will" prosecute Lewis for perjury if he lies on the stand. (SCR, Ex. 17 at 9.) Hall's motion then quotes a portion of the record where the prosecutor asks Lewis whether the agreement states that he "will" be prosecuted again on the underlying robbery charges if he voids his agreement by failing to testify truthfully. (*Id.*) Giving the motion a liberal reading, it puts forth Hall's argument

1    that the prosecutor's question violated a prior ruling of the trial court.

2         Hall appears to concede that he failed to raise his ground 4 claim in the state trial court,

3    arguing that exceptions to the exhaustion requirement apply. (Dkt. No. 32 at 20–21.) The Court

4    agrees with and adopts the R&R's analysis of this issue. (Dkt. No. 26 at 11.) Hall failed to

5    exhaust his ground 4 claim for relief and it is procedurally defaulted.

6       **C.**      **Improper Vouching and Cumulative Errors**

7         A number of Hall's grounds for relief and objections to the R&R are based on his

8    argument that the prosecutor improperly "vouched" for Lewis's credibility. (*See* Dkt. No. 26 at

9    4–5 (Grounds 1, 2, 3, and 5); Dkt. No. 32 at 3–23 (Objections 1–6, 9).) He focuses on three

10   statements by the prosecutor during trial. The prosecutor said in his opening statement that Lewis

11   made "a deal" with the state under which "he gets reduced charges" "in exchange for his

12   testimony, his truthful testimony." (Dkt. No. 36 (Supplemental State Court Record ("SSCR")),

13   Ex. 30 at 4.) The prosecutor then said "Mr. Lewis does not need to say whatever it takes to get

14   Mr. Hall convicted . . . . He just simply has to come into court and tell the truth." (*Id.* at 5.)

15   Finally the prosecutor said "this deal does not insulate him from being prosecuted for perjury if

16   he gets on the stand and lies about anything. He is still required to tell the truth, and he will be

17   prosecuted when and if he doesn't tell the truth." (*Id.*) Defense counsel objected and the court

18   instructed the jurors that the statements of the attorneys are not evidence, that they will be the

19   sole judges of credibility, and that they should disregard any statement not supported by the

20   evidence. (*Id.*)

21         During direct examination of Lewis, the prosecutor again raised the issue of his plea

22   agreement. The exchange was as follows:

23       Q:     Now, I am going to go back to this agreement that you entered into briefly
           with the State, this agreement for the – to testify, the actual agreement
24          itself. This particular agreement explicitly informs you that you have to be
           – that you have to give truthful testimony, does it not?
25       A:     Yes, sir.
      Q:     It also informs you that you may – and that the State reserves the right to
26          prosecute you for perjury if you give any false testimony here in court,

does it not?

A: Yes, sir.

Q: It also informs you that if you lie on the stand that your deal is null and void and that you will be prosecuted again to the fullest extent of the law on the underlying robbery charges, does it not?

A: Yes, sir.

(SSCR, Ex. 31 at 143.) Finally, in his rebuttal closing argument, the prosecutor said,

But again you have to understand with Mr. Lewis, again, he did testify, he did get a deal, but if you recall, the explicit written conditions of this deal are that he testify truthfully. That if he lies, he's subject to perjury charges whether the false testimony was favorable to the State or to Mr. Hall.

(SSCR, Ex. 34 at 63.)

Hall argues that the prosecutor's remarks were improper vouching and that either individually or taken together, the prosecutor's statements denied him a fair trial. The Supreme Court has clearly established that a prosecutor's "vouching for the credibility of witnesses" is improper and may result in the denial of a defendant's right to a fair trial. *United States v. Young*, 470 U.S. 1, 18 (1985). Where improper comments are made, however, courts must consider the record as a whole and determine whether they made the defendant's trial "so fundamentally unfair as to deny him due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974). Where there is overwhelming evidence of a defendant's guilt presented at trial, it may eliminate any "lingering doubt that the prosecutor's remarks unfairly prejudiced the jury's deliberations." *Young*, 470 U.S. at 19.

Hall relies on a series of Ninth Circuit cases to argue that the prosecutor's introduction of the truthfulness requirement in Lewis's plea agreement and suggestion that Lewis would be prosecuted for perjury if he lied was improper. Under the cases on which he relies, however, a prosecutor's introduction of the fact that a government witness has a plea agreement that requires him to testify truthfully is not *per se* improper vouching. *See United States v. Necoechea*, 986 F.2d 1273, 1278 (9th Cir. 1993) (prosecutor who elicited testimony regarding truthfulness provision of plea agreement was not vouching). The Court does not agree that the prosecutor's

1   statements were improper.

2        Even if the Court assumes that the prosecutor's comments in Hall's case were improper,

3   however, they did not deny Hall the right to a fair trial. There was overwhelming evidence of

4   Hall's guilt. In addition to Lewis's testimony that he and Hall committed the robberies, the State

5   presented testimony from the store clerks about the conduct of the robbers, (SSCR, Ex. 31 at 39–

6   90), and video surveillance footage from the convenience stores they robbed, (*id.* at 42–44, 64,

7   73–74). Moreover, Mr. Hall took the stand and admitted that he committed the robberies. (SSCR,

8   Ex. 33 at 58.) Hall asserted, however, that he could not form the requisite intent because he was

9   so intoxicated by a drug known as "sherm"[1] that he did not remember the robberies and was

10  doing whatever Lewis told him to do. (SSCR, Ex. 33 at 59–62.) The State responded with expert

11  testimony regarding a person's ability to act intentionally even while intoxicated. (SSCR, Ex. 33

12  at 141–145.) As the trial judge noted at sentencing, the jury deliberated for only half an hour

13  before finding Mr. Hall guilty on all charged counts. (SSCR, Ex. 35 at 23.)

14       The trial record demonstrates that Lewis's credibility was an issue on which both the

15  prosecution and the defense focused. Defense counsel ably impeached Lewis based on the

16  significant benefits he received from the State in exchange for his testimony. (SSCR, Ex. 31 at

17  166–171.) The prosecutor's remarks did little, if anything, to remove the sting of that

18  impeachment. Moreover, the testimony of the store clerks, the surveillance footage, and the

19  expert testimony was at least as useful to the State in rebutting Hall's arguments regarding

20  intoxication as was Lewis's testimony. For the foregoing reasons, the Court rejects grounds for

21  relief 1, 2(a), and 2(c).

22       The Court also rejects ground 2(b) because the prosecutor's comments did not violate the

23  trial court's ruling regarding use of the term "will." After opening statements, the trial court

24  ruled that the prosecutor could not elicit testimony from Lewis that he "will" be prosecuted for

25  _____

26       [1] According to the testimony at trial, "sherm" refers to either a tobacco or marijuana
    cigarette dipped in embalming fluid. (SSCR, Ex. 33 at 55.)

ORDER DENYING PETITION
PAGE - 6

perjury if he lies on the stand. (SSCR, Ex. 31 at 109.) The prosecutor only used the word "will" when he asked Lewis whether he understood that he would be re-prosecuted on the underlying robbery charges if he breached the plea agreement. (SSCR, Ex. 31 at 143.) The question was consistent with the terms of the plea agreement and was not covered by the trial court's ruling on potential prosecution for perjury.

In light of the Court's resolution of Hall's underlying claims regarding improper vouching it is clear that Hall could not have suffered any prejudice from either trial counsel's failure to object to some of the prosecutor's comments or appellate counsel's failure to raise the vouching claims on appeal. Because he cannot show prejudice, Hall cannot establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the Court rejects Hall's third and fifth grounds for relief.

### D.     Temporary Insanity Defense

The Court agrees with and adopts the R&R's evaluation of Hall's claim that he was denied psychiatric assistance and that trial counsel was ineffective for failing to pursue an "insanity version" of his involuntary intoxication claims. (*See* Dkt. No. 26 at 15–17; *see also* Dkt. No. 32 at 23–25 (Objection No. 10).) In light of Dr. Marquez's forensic psychological evaluation of Hall (Dkt. No. 14 at 154–162), which concluded that Hall did not suffer from any mental defect and was trying to fake mental illness, further pursuit of this theory could only have undermined Hall's defense.

## III.    CONCLUSION

For the foregoing reasons, the Court REJECTS Petitioner's objections to the R&R (Dkt. No. 32). Petitioner's habeas petition (Dkt. No. 9) is DENIED. The Court DENIES Petitioner's requests for an evidentiary hearing and issuance of a certificate of appealability. This matter is DISMISSED with prejudice. The Clerk is respectfully directed to CLOSE this case.

//

//

1   DATED this 20th day of August 2013.

2

3

4

5

6

7

8   John C. Coughenour
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PETITION
PAGE - 8